JUDGE WILLIAMS
demvkbed the opinion op the coubt:
Barnes sued Turner to recover $1,800, which he alleges Turner had won of Cox at cards, within the last five years, and more than six months previous.
Turner denied having so won more than six or seven hundred dollars; also set up as a defense that, recognizing Cox’s right to.recover, that he and Cox, before the bringing of the suit, had settled the matter, and he had paid Cox the full amount won ; that this arrangement was made in good faith, with no design to evade the laws against gaming.
Cox was the only witness. Without setting out his evidence, we say it tended to prove that Cox, being in low pecuniary circumstances, whilst Turner was independent, believing the money could be recovered, Turner proposed a settlement, preferring that Cox, rather than any one else, should have it. The parties did settle, and Turner executed his note to Cox for eight hundred dollars, which he partly paid to Cox and his creditors before the bringing of this suit, and the remainder afterward, but before the trial. Thus this covered the full amount of what had been so won of him during the last five years, and some of previous date. That he, Cox, did not know any one intended bringing suit; Turner said some person had been writing to Maysville about his having won money from witness. That this settlement was made in good faith, and not to evade the statute against gaming. ,
After this evidence was through, the plaintiff asked the court to instruct the jury : “If the jury believe from the evidence that, after Cox and Turner had played, and Cox and Turner had a reckoning as to the amount that Turner had won,,and it was agreed to be about $800, that T, had won and received of C., and that T. agreed to pay back to C., the $800-r-and *116 executed his note for $800 — the law is for plaintiff twice the amount of said sum of $800; provided they believe that $800 was the sum received by T., from C., or so of any greater or less sum; and, provided further, they believe that said reckoning took place after the expiration of six months from the winning and receipt of the money by T ”
The court refused this, and instructed : “If the jury believe from the evidence that the defendant, within five years before the action was begun, at a game or games of cards, won and received from N. W. Cox money or property of the value of five dollars or upwards, within the space of twenty-four hours, the law is for the plaintiff, and the jury must so find for him three times the value of the money or property they believe, from the evidence, the defendant so won and received of him within five years before the action was begun. Unless the jury should believe, from the evidence, that the defendant, in good faith and not to evade the gaming laws, recognized the right of the loser to be restored to the value of the thing by him so won, and the loser recognizing his right to recover and receive it back, bona fide made a settlement of it, and the defendant executed to the loser his note for the full amount so won and received ; and the loser, recognizing his right to recover and receive it, did receive it in fall of the same, and it was in full, which has been since, in good faith, and not to evade the gaming laws, paid, a part before the suit was begun and a part since, then the law is for defendant, and the jury must find for him. But, if they believe, from the evidence, the settlement and payment, between Turner and Cox, was not bona fide made, but was merely a device to evade the gaming laws, then the law is for the plaintiff, and the jury must find for him.”
The jury returned a verdict for the defendant. Plaintiff moved for a new trial, which was overruled, and the plaintiff appealed.
By the second section of our statute against gaming the loser, or any of his creditors, may recover back money or property lost at cards within five years.
*117 Jt5y the fourth section, if the loser, or his creditors, do not sue within six months, any other person may sue the winner, and recover treble the amount lost, if the suit is brought within five years. One-half so recovered shall be for the person so suing, the other for the commonwealth. The loser, creditor, or other person first suing, after the six months, to have the preference. (1 Stanton's Revised Statutes, page 561-2-3.)
This statute, when correctly analyzed, secures to the loser and his creditor the right to sue for the lost money or property for five years, and the exclusive right to do so for six months, after which any other person may sue for its recovery, the one first suing to have the preference; with this difference, however, that, if the loser or his creditor sues, the recovery will only be the amount lost, and for the sole benefit of the loser or his creditor, whichever may bring the suit, — if any other person sues, the recovery will be treble the amount lost and won, one half to the use of the plaintiff, the other to the commonwealth.
Cox, still having the right to sue for five years, if no other person had commenced suit, he had the right to adjust the matter by private arrangement, provided he did this in good faith to get back what he had lost, and not as a device to evade the statute. As the recovery would enure to his benefit on any suit he might bring, he violated no law, nor public policy, by a recovery of his rights without suit; and, if the transaction was made in good faith by both parties, and free from any device to evade the law, both the winner and loser should be protected.
There is nothing in the second section, twenty-second article, (1 Stan., Rev. Stat., page 406,) which changes, or in any manner modifies, the rights of these parties, or alters the first recited statute.
There was no error in giving or refusing instructions, nor in the finding of the jury. Wherefore the judgment is affirmed.